IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY MCQUAY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 16-CV-1068-NJR-RJD<br>) |
| TENNESSEE VALLEY AUTHORITY,<br>a federal corporation, and INLAND<br>MARINE SERVICE, INC., a corporation, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

A Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, to Transfer is pending before this Court. For the reasons set for below, Defendant Tennessee Valley Authority's (TVA) Motion to Dismiss for Lack of Personal Jurisdiction or in the Alternative, to Transfer the Case is granted in part and denied in part. Specifically, the portion of TVA's Motion requesting transfer to the United States District Court is granted. Finding transfer is appropriate, the Court need not address the issue of personal jurisdiction raised by the motion.

### BACKGROUND

On September 23, 2014, Timothy McQuay was working as a deckhand for Defendant Inland Marine Services (Inland Marine) when the barge he was working on was making a delivery to TVA's Paradise Fossil Plant. (Doc. 7, ¶¶ 7-8). The Paradise Fossil Plant is located in Muhlenberg County, Kentucky. (Doc. 7, ¶ 7). During the

process of unloading coal, a wire broke apart and struck McQuay's lower leg, causing disabling and permanent injuries. (Doc. 7, ¶ 7). McQuay has brought one claim against TVA, alleging his injuries are the result of the negligence of TVA's agents, servants, and employees. (Doc. 7, pp. 3-5). McQuay also has brought two claims against Inland Marine for negligence and/or unseaworthiness pursuant to Title 46 U.S.C., §688, *et seq.*, commonly called the Jones Act, and the General Maritime Law of the United States. (Doc. 7, pp. 9-11). One of those claims relates to the September 23 incident that forms the same basis as the claim against TVA.[1] (Doc. 7, pp. 5-9).

McQuay resides in Murphysboro, Illinois. (Doc. 7, ¶ 1). Defendant TVA is a constitutionally authorized executive branch corporate agency created by and existing pursuant to the TVA Act of 1933, *as amended*, 16 U.S.C. §§ 831 (2012). TVA's principal office is in Muscle Shoals, Alabama, and its executive offices are in Knoxville, Tennessee. (Doc. 10, p. 5). Defendant Inland Marine is a corporation organized pursuant to the laws of the State of Kentucky, whose registered agent is located in Hebron, Kentucky. (Doc. 7, ¶ 3).

## DISCUSSION

On December 5, 2016, TVA filed a Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, to Transfer the Case to the District Court for the Western District of Kentucky. (Doc. 9). The parties, who have extensively briefed this

---

[1] The second claim against Inland Marine relates to an incident on November 20, 2015, in Henderson County, Kentucky, where McQuay slipped and injured his shoulder allegedly due to the negligence and unseaworthiness of Inland Marine's vessel. (Doc. 7, pp. 9-11). This second claim is raised solely against Inland Marine.

issue,[2] disagree about which law is applicable to the Court's determination of either venue or personal jurisdiction. The Court finds the proper venue statute to be applied is 28 U.S.C. § 1391(b), and thus this action should have been brought in the United States District Court for the Western District of Kentucky.

**I. Proper Venue Statute**

Determination of which venue statute applies is dispositive here. McQuay argues the general venue statute 28 U.S.C. § 1391(e) is applicable in this case. (Doc. 16, p. p.2-3).[3] 28 U.S.C. § 1391(e) provides in pertinent part that:

> (1) In general.—A civil action in which a defendant is an…**agency of the United States,** may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred…, or (C) the plaintiff resides if no real property is involved in the action.

The parties agree that TVA qualifies as an executive branch corporate agency. (Doc. 7, p. 2; Doc. 10, ¶ 2). Because neither defendant is a resident of Illinois, and the events giving rise to the claims all occurred in Kentucky, the only basis for venue in this Court under § 1391(e)(1) would be (C)—the district where the plaintiff resides. As noted above, McQuay resides in Murphysboro, Illinois (Doc. 7, ¶ 1), which is located in one of the counties served by the Southern District of Illinois. As a result, if § 1391(e) is applicable in this case, venue would lie with this Court.

---

[2] TVA filed a Memorandum in Support of its original motion (Doc. 10), a Reply in Further Support (Doc. 19), a Supplemental Reply (Doc. 43), and a Supplemental Reply to Plaintiff's Supplemental Response (Doc. 49). McQuay filed a Memorandum in Opposition to TVA's Motion to Dismiss (Doc. 16), a Response to TVA's Response (Doc. 34), a Sur Reply (Doc. 36), and a Supplemental Response (Doc. 46).

[3] McQuay uses the venue statute found at 28 U.S.C. §1391(e) to form the basis of his personal jurisdiction claim. (Doc. 16, pp. 2-3). The Court does not address the merits of that claim here, but rather infers from McQuay's argument that he considers this statute to provide the proper basis for venue as well.

TVA counters, however, that 28 U.S.C. § 1391(e) is not applicable. (Doc. 49, p. 4). TVA was created by federal statute in 1933. 16 U.S.C. §§ 831 (2012). That statute specifically states that TVA is "an inhabitant and resident of the northern judicial district of Alabama within the meaning of the laws of the United States *relating to venue* of civil suits." 16 U.S.C. § 831(g)(a) (emphasis added).

In 1962, twenty-nine years after the creation of TVA, Congress passed 28 U.S.C. § 1391(e), which broadened venue choices in civil actions where the defendant is an officer, employee, or agency of the United States. 14D Arthur R. Miller, *Fed. Prac. & Proc. Juris.* § 3815 (4th ed. 2017). Prior to the 1962 legislation, the Supreme Court had held only the District of Columbia had authority to issue mandamus against federal officers. *Stafford v. Briggs*, 444 U.S. 527, 533-34 (1980). As a result, individuals from different parts of the country often suffered significant expense to bring their claims against federal officers or agencies in the District of Columbia. *Id.* at 534. The 1962 bill was intended to "make it possible to bring actions against Government officials and agencies in U.S. district courts outside the District of Columbia which…may now be brought *only in*…the District of Columbia." *Stafford v. Briggs,* 444 U.S. at 539-40 (emphasis added); *see also* Sen.Rep.No. 1992, 87th Cong., 2d Sess., 2 (1962); H.R.Rep.No. 536, 87th Cong., 1st Sess., 1 (1961).

Unlike actions in mandamus, venue in suits against TVA was not limited to the District of Columbia prior to the addition of § 1391(e). Further, Congress's express intent was that § 1391(e) would not change previously established definitions of residence. Sen.Rep.No. 1992, 87th Cong., 2d Sess., 2 (1962); *Reuben H. Donnelley Corp. v.*

*F.T.C.*, 580 F.2d 264, 267 (7th Cir. 1978). Congress had specifically identified the Northern Judicial District of Alabama to be TVA's residence for purposes of venue, 16 U.S.C. § 831(g)(a), and that venue was not changed by § 1391(e); thus, other courts have found Congress did not intend for § 1391(e) to be applicable to TVA. *Jones v. U.S. Nuclear Regulatory Com'n*, 654 F.Supp. 130, 131 (D.D.C. 1987); *Natural Resources Defense Council, Inc. v. Tennessee Val. Authority,* 459 F.2d 255, 259 (2d Cir. 1972) ("concerned members of the House of Representatives acted on the assurance of the bill's manager that the TVA would not be subject…"). This Court agrees and finds 28 U.S.C. § 1391(e) is not the proper statute for determining venue in this action. Therefore, the determination of proper venue should proceed under 28 U.S.C. § 1391(b).

## II. Venue Determination

Under the general venue statute, 28 U.S.C. § 1391(b), a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; (3) if there is no district in which an action may otherwise be brought, then venue can lie in any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The Southern District of Illinois does not meet these criteria. Defendant TVA is a resident of Alabama per Congressional decree. 16 U.S.C. § 831(g)(a). Since at least one defendant is not a resident of this jurisdiction, § 1391(b)(1) does not provide a basis for venue. Further, none of the events giving rise to the claims in the Amended Complaint

took place in this Court's jurisdiction. Rather, all of those events took place in the Western District Court of Kentucky. (Doc. 7, ¶ 8). Thus, under § 1391(b)(1), venue is proper in the Western District of Kentucky rather than this Court.[4]

When venue is not proper in the filed district, 28 U.S.C. § 1406(a) allows the court to either dismiss or, in the interest of justice, transfer the case to any district or division in which it could have been brought. *Saylor v. Dyniewski*, 836 F.2d 341, 345 (7th Cir. 1988). When it is clear where proper venue can be laid, courts will generally transfer the case rather than dismiss. *Metropa Co., Ltd. v. Choi*, 458 F.Supp. 1052, 1055-56 (S.D.N.Y. 1978); *United States v. Miller-Stauch Constr. Co., Inc.*, 904 F. Supp. 1209, 1214 (D. Kan. 1995). As discussed above, the incidents giving rise to the claims in this case all occurred within the Western District of Kentucky. Further, while not all, several of the doctors[5] who treated McQuay and witnesses[6] to the various incidents reside in Kentucky. The Court finds, therefore, that it is in the interest of justice to transfer this case to the Western District of Kentucky, rather than dismiss it.

## Conclusion

For the reasons set forth above, TVA's Motion to Dismiss for Lack of Personal Jurisdiction or in the Alternative, to Transfer the Case (Doc. 9) is **GRANTED in part and DENIED in part.** The portion of TVA's Motion requesting transfer to the United States District Court is **GRANTED**. Because transfer is appropriate, the Court need not address

---

[4] Personal jurisdiction can form the basis for venue only where no other basis for venue exists. Because venue can be determined under § 1391(b)(2), whether venue could also lie under § 1391(b)(3) is irrelevant.
[5] McQuay identifies Dr. Heinrich and Dr. O'Neill as residing in Indiana; Dr. Blaise, Dr. Alam, Dr. Parker, Dr. Hill, and Dr. Neely as residing in Illinois; and Dr. Rhodes and Dr. Haleman as residing in Kentucky. (Doc. 16, pp. 5-6).
[6] McQuay identifies William Chinn as residing in Tennessee, Neadam Benefield as residing in Southeast Missouri, Kenny Anderson as residing near the Paradise Fossil Plant in Kentucky, and Robert Roebuck as also residing in Kentucky. (Doc. 16, p. 5).

the issue of personal jurisdiction raised by the motion, thus the portion of TVA's motion requesting dismissal for lack of personal jurisdiction is **DENIED** as moot. Accordingly, it is **ORDERED** that this action is **TRANSFERRED** to the Western District of Kentucky.

IT IS SO ORDERED.

DATED: August 7, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**